WILLIAM W. BIRD ET AL., PLAINTIFFS IN ERROR, v.
DELILAH ANDERSON, DEFENDANT IN ERROR.

The right of a lessor to distrain growing crops, under section eight of the act concerning distresses, is not affected by the sale of such crop by the tenant.

Error to Hunterdon Circuit.

For the plaintiffs in error, *J. T. Bird.*

For the defendant in error, *J. N. Voorhees.*

The opinion of the court was delivered by

THE CHANCELLOR. The action was trespass *de bonis asportatis.* The goods were a crop of grain taken by the defendant in error, in distress, as the property of James Bird, her tenant, for rent due her from him for the farm on which the crop was growing. The rent was for the year 1876. The

only question at the trial was as to the ownership of the goods, the plaintiffs in error claiming that they were the property of William W. Bird, and not of the tenant, when the distress was made. The claim of William W. Bird was based on a contract made in 1873 between him and the tenant, whereby the latter then, for a valuable consideration, sold the crop to him. The plaintiffs in error adduced proof that the tenant entered into possession of the farm, under the lease, in the spring of 1873; that there was then growing on the premises a crop, one-half of which belonged to the outgoing tenant, and the other half to the defendant in error, the lessor; that William W. Bird, proposing to buy the outgoing tenant's share of the crop for the benefit of the incoming tenant, who is his son, spoke to the lessor on the subject, informing her of his purpose, and of an agreement between him and his son, by which he was to sell the half to the latter, in consideration of the crop to be produced on the demised premises in the last year of the term, 1876; that the lessor said that she "was willing, so that she had her half of the crop," referring to the crop on the premises in 1873, of which she, as before mentioned, owned one-half, and thereupon the outgoing tenant's half of the crop was bought by William W. Bird, and sold to his son, the lessee of the farm, for the before-mentioned consideration. The judge overruled this evidence, and rightly. By the agreement between William W. Bird and his son for the sale of the crop to be produced in the last year of the term, the right of the lessor to distrain upon the crop was not affected. *Guest* v. *Opdyke*, 2 *Vroom* 552. In that case, it was held by this court that the power conferred by the eighth section of the act concerning distresses (*Rev.*, *p.* 309,) upon a landlord to seize as a distress for rent all or any wheat, rye, &c., or any produce whatever growing or being on the demised premises, is not limited to grain, &c., belonging to the tenant. Nor was the lessor in the case under consideration estopped by the evidence adduced to that end. By the reply which she made to William W. Bird when he communicated to her his proposed arrangement,

she merely expressed her indifference in regard to it.  Her right to distrain was not affected by the arrangement.  There is no error in the record.

The judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, DALRIMPLE, DEPUE, DIXON, KNAPP, REED, SCUDDER, WOODHULL, CLEMENT, DODD, GREEN, LILLY.    12.

*For reversal*—None.